[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in White Plains, New York on June 12, 1983.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The parties have one minor child born issue of the marriage: Nasha Brigitte DuBois, born January 19, 1989.
The anger of the plaintiff at the dissolution of their marriage has resulted in this lengthy and acrimonious litigation. It is clear from the evidence that the child loves both her parents and wants a full relationship with both. Until now, the mother has interfered with the development of any relaxed and comfortable atmosphere, and raises spurious concerns regarding the child's safety. The vengeance she has sought has been at her child's expense.
The continuation of this pattern is not in the best interests of the child. She will be served by a free and unfettered relationship with both her parents; she is comfortable with both, and there is no reason that both of her parents should not share in her guidance and nurturance.
Both of the parties are responsible adults who love and are appropriate with their daughter. The plaintiff's articulated fears and concerns are unreasonable, unsubstantiated and born of her anger.
The court has considered the statutory criteria contained in Conn. Gen. Stat. Secs. 46b-56, 46b-81, 46b-82 and 46b-84 and enters the following orders: CT Page 12154
1. The parties shall share joint legal custody of the minor child, whose primary residence shall be with her mother, who shall have day to day responsibility for the child's care, guidance and well-being while the child is with her.
2. The father shall have the right of reasonable, flexible, and liberal visitation which shall include the schedule outlined below. During periods of visitation, the father shall have the day to day responsibility for the child's care, guidance and well-being.
The father shall have visitation in accordance with the following schedule, commencing November 17, 1997.
WEEK ONE: Sunday at noon until Wednesday morning when Mr. Dubois shall bring Nasha to school. If there is no school, Nasha shall be returned to her mother at 9:00 a.m.
WEEK TWO: Monday after school until Wednesday morning return to school. If there is no school on Monday, pickup time shall be 9:00 a.m. If there is no school on Wednesday, return shall be 5:00 p. m. Neither party is to schedule any trip or activity for the child which would interfere with this access. It shall be the responsibility of the party exercising access to take the child to any activities mutually agreed upon.
3. Each party shall have two non-consecutive full weeks with the minor child during her summer recess. The father shall have first choice of these weeks, and shall notify the mother of them by May 1, each year.
4. In calendar year 1998, the mother shall spend the April vacation with the child, and the father shall spend the February vacation. In odd numbered years, the reverse is ordered. In the event that there is only one of these school vacations, the parties shall alternate the vacation with the mother having the vacation in even numbered years.
5. The major holidays shall be alternated on a yearly basis as follows: Thanksgiving — mother in odd years, father in even years; Christmas Eve — father in even years, mother in odd years; Christmas Day — Mother in even years, father in odd years; Easter Mother in even years, father in odd years
6. The child shall spend Father's Day with the father and CT Page 12155 Mother's Day with the mother each year. Said visits shall commence at 10:00 a.m. on that day.
7. Each party shall have reasonable access to the child while she is with the other party by mail, telephone, or other electronic means during reasonable hours of the day and evening. The child shall be permitted to telephone either parent at any time.
8. Each party shall make every effort to maintain free access and unhampered contact between the child and the other party. Neither shall do anything which may estrange the child from the other nor injure the opinion of the child as to the other.
9. The parties shall confer and endeavor to agree with each other on all important matters pertaining to the child's health, education, welfare and upbringing.
10. Each party shall keep the other informed of the whereabouts of the child.
11. The child's residence shall not be moved from Greenwich without the consent of both parties or order of the court. Notice shall be given of a proposed move 90 days prior to that move.
12. Each party shall furnish copies of any records or reports pertaining to the health, education, and welfare of the child immediately, upon receipt, to the other.
13. No communications concerning the visitation schedule or child related matters intended for the other parent shall be made through the child.
14. All right, title, and interest in the 181 Millbank Avenue property is awarded to the wife who shall be responsible for all debts, liabilities, taxes, and any costs associated with the property, and shall indemnify and hold harmless the husband thereon.
15. All right, title, and interest in the 86 Connecticut Avenue property is awarded to the husband who shall be responsible for all debts, liabilities, taxes, and costs associated with the property, and shall indemnify and hold harmless the wife thereon. CT Page 12156
16. The parties shall equally divide the Putnam Premier Income Trust Account.
17. The husband shall pay directly to the wife, pursuant to immediate wage withholding, $165.00 per week as child support, until the child attains the age of nineteen, graduates from high school, or is emancipated. The order is in compliance with the child support guidelines.
18. The husband shall pay to the wife and amount equal to the one half the value of the railroad pension accrued during the marriage. That is one half of the present value of the proportion of the pension, represented by the years of railway service as the denominator and the years of the marriage as the numerator. Said payment is to be made with in 60 months.
19. The husband shall be responsible for the debts due to the following: Rex Marine Yacht Sales, Dom Biaggi Landscaping, Telcoa, CLP, MBNA, Chase, Bank of New York, Del., Visa, Citicorp(2), Fleet Bank, and First USA.
20. The wife shall be responsible for the debts due to Bank of New York, Del. Cash Line, Marine Midland Bank, Melon Bank, Citibank Ready Credit, CNG, ATT, and Choice Visa.
21. Each of the parties shall indemnify and hold the other harmless on the liabilities.
23. The defendant shall pay to the plaintiff $1.00 per year as alimony until the death of either party, the marriage of the plaintiff, her cohabitation in accordance with statutory standards, or March 22, 2010, which ever sooner occurs.
ELAINE GORDON, JUDGE